**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| VICTOR FABIAN LANDA SACA,<br>Petitioner,<br>v.<br>LUIS SOTO, *et al.*,<br>Respondents. | No. 26-cv-2386<br><br>**MEMORANDUM ORDER** |

**CECCHI, District Judge.**

Before the Court are petitioner Victor Fabian Landa Saca's ("Petitioner") first amended petition for a writ of habeas corpus, ECF No. 5, and motion for a temporary restraining order, ECF No. 6. In those submissions, Petitioner argues that his March 11, 2026, bond hearing before an immigration judge ("IJ") was fundamentally unfair in violation of his Fifth Amendment due process rights. *See, e.g.*, ECF No. 5 ¶ 7; ECF No. 6-1 at 6. Pursuant to this Court's previous Order, ECF No. 7, the parties have briefed the issue, ECF Nos. 9–10. For the reasons stated below, the Court holds that Petitioner's bond hearing was fundamentally unfair and will order another bond hearing.

The "Court lacks jurisdiction to review any discretionary determinations underlying the [IJ's] bond decision, but it can review whether the bond hearing was fundamentally unfair." *Alonzo v. Francis*, No. 26-1614, 2026 WL 1492819, at *2 (D.N.J. May 28, 2026). "In a fundamentally fair bond hearing, due process has three essential elements. 'An alien: (1) is entitled to factfinding based on a record produced before the decisionmaker and disclosed to him or her; (2) must be allowed to make arguments on his or her own behalf; and (3) has the right to an individualized determination of his [or her] interests.'" *Ghanem v. Warden Essex Cnty. Corr. Facility*, No. 21-1908, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022) (citation omitted). Here,

Petitioner argues (among other things) that his bond hearing failed to satisfy the first two requirements. ECF No. 6-1 at 6–8. Specifically, Petitioner states that he timely submitted certain evidence, but the IJ "refused to consider that evidence solely because it was still 'pending' in the Immigration Court electronic filing system [ECAS], even though it had been filed in advance of the hearing, and not outside any prescribed time limit for filing." *Id.* at 7. And given this issue, Petitioner further argues that he was denied the opportunity to make arguments on his own behalf. *Id.* at 8 ("Although the IJ allowed Petitioner's attorney to be heard, that opportunity was meaningless when she refused to consider the evidence on which the attorney wanted and needed to be heard.").

The Court agrees with Petitioner that the IJ's failure to consider his evidence rendered the bond hearing fundamentally unfair. The bond hearing transcript shows that the IJ declined to consider a portion of Petitioner's evidence; indeed, the IJ specifically noted that she did not consider a significant portion of his evidentiary submission. ECF No. 9-5 at 5–6.

The IJ did not consider this portion of Petitioner's submission because—according to her—that specific filing was not "submitted in a timely fashion." *Id.* Specifically, Petitioner's counsel submitted the relevant evidentiary submission the night before the bond hearing, but the submission was rejected because it "lacked a certificate stating that a certificate of service was not required as the opposing party was served electronically through ECAS." ECF No. 6-1 at 7 n.1; ECF No. 6-2 ¶ 3. As a result, Petitioner's counsel resubmitted these materials with a proper certificate roughly an hour before the commencement of Petitioner's bond hearing. ECF No. 6-2 ¶¶ 4–6. Nonetheless, the IJ refused to consider Petitioner's evidentiary submission. ECF No. 9-5 at 4 (Counsel: "[T]here was a deficiency in the proof of service. We resubmitted it this morning." IJ: "I only have evidence part 1, counsel. That's not my fault that it wasn't submitted properly,

and so therefore, untimely. . . . The documents weren't submitted in a timely fashion, so I don't have that in front of me.").

As an initial matter, as Petitioner states, this deficiency was de minimis, since the Department of Homeland Security is "a party to all ECAS cases and is [therefore] always served electronically with every ECAS filing." ECF No. 6-1 at 7 n.1. And furthermore, neither the IJ nor Respondents here "point to [any] immigration court rule or prior order that would make Petitioner's submission *late*," notwithstanding Petitioner's ECAS issues. *Alonzo*, 2026 WL 1492819, at *2 (emphasis added).

Thus, the Court is not convinced (1) that the bond hearing facilitated "factfinding based on a record produced before the" IJ or (2) that Petitioner was given a meaningful opportunity to present arguments on his behalf. *Ghanem*, 2022 WL 574624, at *2 (citation omitted); *see Carrion v. Field Off. Dir. of Immigr. & Custom Enf't*, No. 26-4, 2026 WL 735195, at *2 (D.N.J. Mar. 16, 2026) ("That reasoning cannot be reconciled with due process. A detainee cannot be required to carry a burden of proof while simultaneously being denied the opportunity to present the evidence necessary to meet it."); *see also Altamirano v. Cabezas*, No. 26-1168, 2026 WL 867135, at *4 (D.N.J. Mar. 25, 2026) ("Due process is not about checking a box to comply with a district court order; it is about constitutional fairness and the right to be heard and present evidence.").

Accordingly, **IT IS** on this 28th day of October 2026,

**ORDERED** that Petitioner's motion (ECF No. 6) is **GRANTED** in part; and it is further

**ORDERED** that within twenty-one (21) days of the date of entry of this Memorandum Order, Respondents shall provide Petitioner with an individualized bond hearing before an IJ who shall assess whether Petitioner presents a flight risk or a danger to the community. Petitioner's counsel shall be given fourteen (14) days' notice of the bond hearing and a reasonable opportunity

to prepare and submit any and all exhibits required. Petitioner may seek to reschedule the hearing without Court intervention, and the rescheduled date may be outside of the twenty-one-day period at Petitioner's request; and it is finally

**ORDERED** that within three (3) days of that bond hearing, Respondents shall file a written notice of the outcome of that hearing with this Court.

**SO ORDERED**.

*/s/ Claire C. Cecchi*
**CLAIRE C. CECCHI, U.S.D.J.**